May it please the Court, my name is Frank Hammond and I am representing the Appellants Principal Life Insurance and Associated Companies. This is a contract dispute over the terms of a lease, in particular a rent escalation clause of a lease that is due for re-evaluation in the year 2008. As such, it is a typical run-of-the-mill case for decision through declaratory judgment. There is nothing particularly special about this case. It is a private dispute between two parties. The District Court erred in treating it otherwise by applying a standard in deciding whether to keep a declaratory judgment case that is unique to administrative law decisions. Now one thing that is important at the very beginning is to keep in mind that the District Court found that there was a substantial controversy in this case sufficient to establish jurisdiction. The only issue, or the only initial issue, was whether Principal had shown adequate hardship. She said no based on dicta in a Ninth Circuit case called Western Oil, which required hardship to be more than financial loss, but that was an error. So I had trouble understanding it. All of the dicta actions that I ever did in practice were about money, and it kind of sounded like the District Judge was saying if it's only money you can't get a declaratory judgment, but she can't possibly mean that. They're all about money. That's correct, Your Honor. So I was trying to figure out exactly what she means, and maybe what you could do is give me a little oral summary of the case law. Well, the case law, it's difficult to break down because what you have is the constitutional test for whether a case is ripe. Give me a little oral summary of the cases that have that language about mere financial loss. Those cases which are summarized in the briefs all deal, going back to the Abbott Laboratories case, which is a Supreme Court case, all deal with the question of whether there should be a declaratory judgment action in an administrative enforcement case to intervene, essentially, in that case early on. You would have, there are cases... Are you saying that it's about whether a federal court will issue a declaratory judgment that would necessarily affect the course of an ongoing state administrative proceeding? Not necessarily a state proceeding. It could be a federal proceeding. It's involvement in the federal regulatory process. So what you're saying is that mere financial loss is not sufficient to justify a declaratory judgment that would affect an ongoing administrative proceeding? In a lot of those proceedings, what the financial loss appeared to be, it appeared to be fairly remote. I mean, it's a case where if certain things were to happen, then there would be a financial loss, but there's no direct injury to the party trying to bring the action. In every one of those cases, was there an ongoing administrative action? I'm always reluctant to say 100% because I'm standing here and I might get it wrong. I believe so, Your Honor, but I could be wrong about it. You understand we're trying to understand exactly what the distinction is between that body of law and the case. Well, what those cases tend to talk about, and we list them in the brief, is the importance of the federal courts not prematurely entangling themselves in the administrative process, and that this is a prudential standard to prevent that. It's premature if it's not over. It's not premature if it's over. Right. Correct. But it can happen at the right phase. Can I get some atmospheric context of this case? There's talk about zoning regulations due to expire in February 2004. Did those expire? I was not able to determine that yesterday. I assume they did expire. But there might have been... I couldn't rule out an extension yesterday when I was checking. What effect does this have on this case and this appeal, if anything, these zoning regulations that may or may not have expired? Well, they're one part of the reason this is important in principle, in that it was not able to develop the property in time to take advantage of those zoning regulations. So there are other reasons for why the case remains ripe. So if they have expired, that reason, though, evaporates. That reason would evaporate. And we don't know whether that's the case or not. And I was not able to determine that, yes. You were not able to determine that? That's hard to believe. I mean, I'm not... I apologize, Your Honor. I waited too long to ask. Okay. All right. Well, what are the other reasons, then? Well, the other reason is that principle still can't redevelop the property because it can't determine a value for the property to make that decision. The district court accepted that as one justification. And for this finding, there is... I'm sorry. The district court accepted what? The district court accepted that as an adequate justification for a substantial controversy. And principle is not able... Does that mean... I'm trying to concretely what that means. And I'm thinking, does that mean you don't know how much your rent is, so a bank can't decide how much to lend you? That's part of it, Your Honor. Or how much you should spend on that property as an investment going forward. Principle tried to sell this interest one time. Is that right? That's right, Your Honor. And that's back in 1998? That's right. And to whom did they attempt to sell it? And what happened? Well, they attempted to sell it to Transwestern. As I understand it, it was part of a package of properties that were put together for sale. And this one was culled out of that for possible sale to a company called Transwestern. Because they could not establish with certainty how the rent escalator was going to work, the deal fell apart. And since then, they haven't had any real effective sales. Mr. Hammond, I don't mean to press you on whether the zoning regulations are still in force or not with respect to this property. But can you characterize what sorts of regulations we're talking about? I believe the biggest issue was height and how tall the buildings could be. I couldn't hear you. Height. It was height, Your Honor. And whether... Height decides value in some way. Yeah. And it also, I believe, influenced how the city of Tigard, whether the city of Tigard was going to be able to take some of the property potentially. But Tigard has not taken any of the property. What's hanging up resolving the underlying dispute? Well, the Robinsons believe there's two components in this rent escalator. There's what's called the... Well, there's a ratio and then there's a value to the property. Principle contends that 2008, the only thing that should be escalated is the ratio and that's a fair value. But the property value that was set in the original lease should stay the same. The Robinsons contend that both elements should be escalated to fair market value. And the principle since, and we cite this in a brief, principle since it purchased the property has believed that only the ratio is escalated and that the contract's very clear on its face. In fact, the district judge in this case said that if she reached the substantive issue, she thought she would rule in principle's favor. All right. What else would you like to tell us? Well, the other issue here is whether the case is ripe or whether there was, excuse me, whether there was any harm because the district judge in theory has the power as a matter of her discretion to dismiss the case. And we have made an argument in our brief that she abused her opinion, that she would dismiss the case anyway because discretionary judicial resources should be reserved for disputes that the parties do not invite. And she accused principle of having invited this dispute. Now, the problem with footnote five, when it's evaluated under Kearns and the other relevant, Brillhart and the other relevant cases, is that she didn't do anything to in dismissing a case on discretionary grounds. Now, one important thing to note in footnote five is that she expressly said she is not reaching the issue of exercising her discretion. So one alternative for this court would, if it reaches this point, would be to say she didn't do exercise her discretion. We're going to remand the case for her to reconsider it under the established fairly clearly that the district judge must actually balance the factors before he or she dismisses the case and make some effort to communicate how that's being done. Now, the other side has brought in an argument based on the transcript that the district judge balanced these factors. But the district judge was very clear in the transcript of the oral argument that she was not making a decision at that time and those were not findings. And they're not findings. They're mostly questions as you go through them. So all we have is this inadequate footnote and that should not be sufficient to establish, to avoid a finding that she abused her discretion. I'm not completely sure what this means. Access to judicial resources should not be reserved for those controversies that parties do not invite. What does that mean? Well, principal was aware when it came into the lease that there was a dispute over how the rent escalation clause would be interpreted. The previous party to that lease had discovered that with the Robinsons. But what happened is at that time it was, I think, 1986. At that time, so many years before this escalation clause was going to be considered, the parties decided not to fight about it and they entered Amendment 2 to the agreement which had a provision which essentially provided we're going to agree to later. Now it gets to be in the 2000s and principal wants to get the thing resolved and that's why I brought this action. But she, the judge, seems to have decided that the critical factor was that principal knew when it went into the lease that it would someday have to get this problem worked out. And she said, because principal knew, I'm not going to let them into the Anything else? Unless you have some additional questions also. You wanted to save some time? Yeah. Thank you, Your Honor. Thank you, counsel. May it please the court. My name is Lanie Block and I represent the Robinson family. The district court was within its sound discretion to decline declaratory relief in this case based on its grasp of the facts. The court considered factors of fairness, judicial administration, and alternate marketplace. I couldn't understand it. I looked at her decision, and I want you to educate me on this. It looked like the critical lines of her decision were on excerpt page 231, where she says the evidence shows that they do have a real dispute. They have made a sufficient showing that there's a substantial controversy. But then she goes on in her critical paragraph. She says the court, however, concludes plaintiffs have not shown they will suffer a, quote, direct and immediate hardship that is more than possible financial loss, close quote, if the court declines to resolve the party's contractual dispute at this time. The way I understand what she's saying is, yeah, they've got a hardship, but all they lose is money if they don't get a resolution now. And it looks like she's taking the quoted phrase from cases that don't say, if all the petitioner or plaintiff would lose his money, then you don't grant a declaratory judgment. It looks like she's quoting the phrase out of context where the cases are dealing with a different problem. So it just looks like it's wrong. Hardship caused on account of financial loss is precisely why you go to court for a declaratory judgment. Educate me here. Okay, well, a couple of things. There's a two-part test. The first is the court decides whether it has jurisdiction, and then even if it does have jurisdiction, it has discretion to decline to entertain an action. And I've cited those cases to you. And she also found, in the alternative, that even regardless of which hardship standard she would put, even if she had it, she wouldn't exercise it because they knew they were buying a lawsuit. Actually, I don't know if she's right on that or not. They might have thought, well, several years, we can work it out. But that's not the ground she threw it out on. The ground she threw it out on is, I lack jurisdiction because the only hardship is financial loss, or possible financial loss. Okay, well, again, the opinion says that she's throwing out on two grounds. One, because they don't meet the hardship test. And secondly, even if they had met the hardship test. It says, although the court does not reach the second part of the current inquiry. I take that to mean I don't reach the second part of the current inquiry. You're just saying what I would do if I did reach it, which I haven't. Okay, well, she also reiterated on her opinion for reconsideration, and that's excerpt of Record 242, that she would decline jurisdiction regardless of the hardship standard. But I will address, so she reiterated that twice, that she would decline jurisdiction regardless of the hardship standard. But I do want to address her question about whether this standard makes sense when applied to a private party case. And I think it does, because the rationale for that standard is that federal courts should not entangle themselves prematurely in litigation when the situation can be resolved. And that rationale, excuse me? What's premature? I mean, with DEC actions, what you usually look at is, has the real controversy arisen yet? In this case, it has. And she also says they're already suffering the financial hardship. It's not speculative that they will. So I don't get it. Okay, well, it has to be a substantial controversy of immediacy, and that's part of the Maryland casualty. And so the court, there are two bases for ripeness that Robinson, or excuse me, that the principles asserted, and you touched on these. One is that this zoning exemption was going to disappear. And as you said, that that reason for ripeness has evaporated. February 2004 is come and gone, and we're stuck with the record here. That reason for ripeness no longer exists. So the second reason that they... I don't think we know that. We don't know if it was extended. We don't know if they can get it again. Whether you, what you do with the building depends on what your rent is going to be. And that's still an open sore. The second reason for ripeness that was articulated is that that principal could not sell this property for fair market value. And the district court rejected that. She made specific factual findings. There was one attempt to sell this property back in 1998 to Transwestern. Principal threw this property in as part of a larger portfolio when they saw... I mean, from the seller's point of view, the only way they can price it is on the assumption that the rent will be under their interpretation of the clause. And from the buyer's point of view, they have to be cautious and say, what if we lose? And the rent is what the Robinson family says it is. So that's going to generate a price that's so far apart from the principal knowingly bought into this leasehold interest, knowing that there was uncertainty. It had been memorialized. And they were able to come up with a price. The court repeatedly stated at the hearing that this can be resolved in the marketplace. I mean, fair market is what the market dictates. This is an unsubstantiated assertion. Essentially, they rejected... Sell it on the assumption that you lose all your arguments, that the value of the property is included in the recalculation? Not necessarily. I mean, principal came into this and they made all kinds of calculations and figured out that they could make money regardless of what happened to the rent adjustment. Let me give you a hypothetical case to just simplify it. Suppose that landlord and tenant have a deal. The rent is $10,000 a month. Flat rent, $10,000 a month. The landlord comes to the tenant after a number of years and says, you know, I can't do this. Prices have gone up for all this. Rent is now $15,000 a month. And the tenant says, that's not my problem. It's $10,000 a month. That's what the lease says. And the landlord says, here's the deal. We're going to put it off for five years. But in five years, it goes to $15,000 a month. And I'm just going to change the locks on the doors and block your access and hire movers to put your stuff on the sidewalk. It's $15,000 a month. At that point, the tenant, it strikes me, is stuck. If they can't get to court to try to enforce their original lease, the only way they can sell off their long-term lease is on the basis of the $15,000 a month rent. Now the marketplace will solve the problem. They're out for a sales price that declines in order to account for the $15,000 a month rent. That's much simpler than this case, but it strikes me as analogous. Am I missing something? Well, a couple of things. There are many things that can play out between now and 2008. One of them in the record is that part of this property could be condemned if a freeway is widened. And that's that excerpt of record 185 and excerpt of record 227. So this dispute may go away before 2008, depending on what happens with that freeway widening. If it does get condemned, the dispute won't go away. It'll just be litigated in the condemnation because having to divide up the award will be affected by this dispute. The principal may no longer possess its interest at that point at 2008, or it may choose to exercise its purchase option. So there are many things that can play out between now and 2008. So 2008 is judgment time? It's not ripe until that point. All right. Let's pretend now we're in 2008. It rolls along. How's it going to be resolved? Well, I think until we get to 2008, it's not ripe because again, the cases are very clear that there has to be... Humor me. Okay. We're now in 2008. How are you going to resolve this controversy? Well, part of what the district court considered is that if it chooses not to exercise its jurisdiction, the parties may choose to work it out. And she said that repeatedly on the transcript. They tried that once before and it failed. And that's why the deal did not go through in 1998. No, why the deal didn't go... Let's pretend we're in 2008. The parties try to work it out. They can't. What happens then? Well, there are cases that say that it's not the role of the courts to provide guidance on every business dispute. So if they come to the courts in 2008 and say, we've tried to work this out and we can't, we got this dispute, the courts just will tell them, buzz off? Well, like I'm saying in 2008, perhaps it will be right. But what the district court was considering is if I don't get involved... So in 2008, the court will have to deal with it? Potentially, unless it is resolved. And I decided... But 2008, it's too late to deal with it. Well, the Robinsons disagree with that. Again, principle invested in this knowing of the uncertainty. They've got principle by the throat. I'm thinking, if you're right, and if this is the way these kind of things are to go, say we publish an opinion saying what the judge did was fine, nobody but a fool would enter into a 99-year lease in the 20% of America that constitutes the Ninth Circuit. You just eliminate the property value of 99-year leases. That form of property is destroyed in this part of America because you can't get your disputes resolved. And with 99-year leases, at least in my experience, there are always escalators, there are always formulas. And it's so much money, you may need to sue each other to get it resolved. Well, what the district court was considering, and this is in the record, is that if she refuses to exercise her jurisdiction, it may be a spur to potentially coming to the table and working something out. And I cited two cases where it says the federal court's role is not to give business guidance. That's the role of counsel. This isn't guidance. This is enforcement of contracts. I can't think of anything more fundamental to what courts ought to be doing than enforcing contract rights. Well, with regard to the hardship standard in this circuit, there is no comparable contract case that has applied a different standard. Both parties have dug, and there is no comparable contract case in this circuit that has applied a different standard. And like I said, the rationale makes sense as applied to these cases. Principal cited federal question cases where you're declaring copyright validity or you're declaring patent validity. And in a federal question case, the courts clearly have an interest in getting involved. The court was saying there's no compelling interest in getting involved here. It's not a federal question case. I have discretion, and I'm going to go ahead and exercise that discretion. Actually, I'm sorry. Now, go ahead. Ms. Block, Judge Trott directed Mr. Hammond's attention to footnote five. I'd be interested in knowing your thought about that footnote. Should we disregard it? Or is it your view that what's expressed there would itself be a plausible, defensible, discretionary determination by the judge? Well, I do not think it should be disregarded. Because again, she reiterated her intent to exercise her discretion on reconsideration at Excerpt of Record 242. And as I read the footnote, essentially what it is is a summation that in fairness to the Robinsons, they should not be prematurely dragged into litigation when principal knowingly invested in this uncertainty. And now they're attempting to use scarce judicial resources to better their bargain. And that's a summation that... It seems like what Marcy's saying, I won't do it at all because they bought a lawsuit. It strikes me as analogous to saying if you buy a promissory note knowing that the debtor disputes the debt, the court will not enforce the promissory note. The court will not adjudicate whether the promissory note is enforceable. Well, if you read this in conjunction with her analysis at the hearing, she's basically saying at this point in time, there's not sufficient immediacy because there's been one attempt to sell the property, to extract premium pricing. Principal would accept no price concessions. They got a $30 million offer. Their investment in the property is only $12 million. I'm thinking more from now to 2008 being a very short time in the time span of litigation. As litigation goes, it's just not that long. And with commercial rents, you really can't afford to find out on the day you're supposed to write the check. Well, the district court made detailed factual findings that Principal was going to make very profitable. It was going to make a lot of money off this lease regardless of what happened in 2008, but they could still exercise their purchase option. This was not an immediate hardship. I did want to touch out that you don't read this footnote in a vacuum and you look at it in conjunction with the entire record. Principal has claimed that this written opinion completely supersedes any oral analysis that the court engaged in, and that's not the case. If you look at the cases that they cited, what those cases say is that a written opinion controls, but it can be supplemented by consistent oral analysis. What does supplemented mean? I've been through this many times. I just had a case where we got into a big fight and we concluded that the written opinion controlled anything that was in the oral discussion, and we've heard a lot about oral discussions today in other cases. That sort of goes by the wayside. If it's inconsistent with the written opinion. If it's inconsistent, but what I'm saying to you is the oral analysis that the district court engaged in was not inconsistent because at the hearing, she repeatedly stated that there was an alternate remedy in the marketplace, and that's consistent with this written opinion. She stated that there always is, but failure to resolve the dispute or resolution of the dispute greatly resolves what value the marketplace puts on it. Like in my promissory note hypothetical, you can always dump them for 10 cents on the dollar. The district court stated, while this may resolve the issue, I'm really struggling, she said, I'm really struggling with getting involved in what amounts to financial uncertainty to a corporation that bought into that uncertainty and knowingly calculated. Ultimately, this is a decision based on fairness. In Idaho, we call this a rule two problem, meaning rule two is it's your own dumb fault, and that's what she's saying, right? You bought this thing, so don't come around to me complaining. At least not in this point in time. She said the court is supposed to have discretion. I cited this to you. The court is supposed to have discretion in getting involved in private disputes, but there is extensive analysis. I want to make sure that I touch on these cases because there are several cases that stand for the proposition that no remand should be made if there can be a complete understanding of the issues from the record on appeal, and that this court can affirm on any ground fairly supported by the record. I have three cases I'd like to cite to you. Louis v. U.S. This is 776 F2D 819. That's a 9th Circuit 1985 case, and in that case, the court looked to colloquies between the counsel and the judge's statements at the hearing to determine whether that judge had appropriately analyzed the factors, and this all goes to whether the written opinion completely supersedes it or is it supplemented by oral. The second case is Henry Levitt. That's 171 F3D 1219. That's a 9th Circuit case 1999, and in that case, they said the judge's oral statements at the hearing provide a complete understanding of the court's analysis, and then the third case is Optal Eyewear, and that's 760 F2D 1045. It's 9th Circuit 1985. In that case, they said to remand this case would elevate form over substance. It's clear from the transcript of the hearing that the judge knew the factors the judge was supposed to apply. She analyzed those factors. She has discretion. The cases are very clear that an appellate court should not second-guess a district court's balancing of determinative considerations, so as long as the court touches on the suggested factors and engages in some type of weighing, as long as it's supported by the record, it should be affirmed. I read the oral discussion that you're referring us to, and the way I read it was she'd been in a three-hour summary judgment hearing where the lawyers argued on both sides, and then she says, well, as I understand it, I'm supposed to weigh a lot of factors, and she talks about what she thinks some of the factors are that she's supposed to weigh, and says to the lawyers, so these are my questions, and then she says she's made a number of impressions and she's trying to come to grips with the issue, and she reserves decision. So I see it as that just what a conscientious judge does at the end of a long and complex summary judgment hearing, she voices some of her thoughts on what the issues before her is. She says she is reserving decision, which means she has not decided upon those issues, and she phrases those issues as questions, not as resolutions she's made on any of them. So it looks to me as though the hearing has nothing for me in terms of deciding the case now. Am I misunderstanding something? No, I agree with you. She stated that I'm not prepared to make a final decision, but she did lay out the factors for her consideration. She analyzed those factors as they applied to this case, and engaged in some type of weighing and analysis on the record, and she also stated at the outset of the hearing that it was her intention that she was laying out these factors to meet her requirement under those factors. And this is the SDR supplemental record, 233 to 234. I told the judge, if you're to grant declaratory relief, DIESL asks that you make findings on the record as to why you think it's appropriate to exercise your discretion, and the district court judge says, well, I'm clearly keyed into that, and I'm trying to lay out what I think the various tests and factors are that I think are an issue. So the judge intended this to be an analysis that supplemented her written opinion to the extent that it's not in conflict and that it's consistent, it can supplement it. Does the written opinion say anywhere that it's supplemented by what she said orally? It does not. Thank you, counsel. Your time has expired. May it please the court, on the three cases that were just cited, I don't believe they were in the briefs at any point. And if my recollection of the rules is correct, you're not supposed to do that in oral argument. If the cases are important to the court, we would request the opportunity to file a short brief for the written response on them. On this issue of findings to support a decision dismissing the case, I entirely agree. The court was going through and describing what she thought the issues were. And what's interesting about her analysis of her discretion is she recognized fully that to dismiss the case as a matter of her discretion, as opposed to dismissing it on the Western oil language, she would need to do an analysis in all those factors. The fact that her ultimate opinion does not do that analysis would tend to tell me, at least, that she never exercised her discretion. Let me ask you about that. You filed a motion for reconsideration, and you made, it seems to me, pretty much the same argument to the judge in your motion for reconsideration that you're making to us here today. That's correct. For example, that the hardship analysis that she had applied was not the right one? That's correct, Your Honor. And then in her, and this was brought to our attention by the other side, in her response to all of that, on your reconsideration for leave to amend, she says, and I'm sure you've read this more than once, in any event, the end result would be the same, even if the court were to apply a different hardship analysis as plaintiff's urge. So isn't she saying here now, okay, I buy the hardship analysis that you urge, but it doesn't work. So she is, in this motion for reconsideration, avoiding the mistake that you say that she made. Is she not doing that? She's saying, I'll take your hardship analysis, I'll take your argument, and you still lose. No, I don't think, Your Honor, I don't read that as her rejecting her original Western oil analysis. Well, in any event, the end result would be the same, even if I were to apply a different hardship analysis as plaintiff's urge. And I think she is referring back to footnote five. I thought maybe she was saying, you bought your lawsuit, I'm never going to give you declaratory relief, that's discretionary, and I'm not going to exercise it for people that buy property where they know the lease is disputed, you're just going to need an action at law. You can just pay the lower rent in 2008, and they can bring a forcible entry and detainer to evict you in three days, and you can defend yourself. Well, and in fact, we make the argument, Your Honor, in the brief that her factor that she sets out, if she did exercise her discretion, she seems to have used one factor without considering his relationship to any of the others, and almost a per se rule. And that would, in fact, be a legal error to do that, because it's supposed to be a balancing test. The other thing I just wanted to point out, and I've kind of got it in the form of almost a question, but I don't understand the Robinsons when they seem to say that principal or any other leaseholder or contract holder should have to sell its interest for less than the fair market value, when that party believes strongly that the lease is clearly in its favor. There's no fairness or equity in that. Certainly you could go into the market, and I assume the market would adjust itself, but why do we have to do that? It seems to me that that's what courts are for. It gets back to the idea that this is a fairly, at its root, straightforward contract case, lease case, that is a typical declaratory judgment case. I think that's why you don't see cases like this very much in the circuit courts, trying to analyze all these rules. It's because it's straightforward. It would be a typical diversity case handled by the district court. Unless you have any additional questions, I'll conclude my remarks. Thank you, counsel. The case is submitted as argued. It is appropriate form of the Ninth Circuit if counsel are relying on cases for the court to be notified beforehand and for counsel to be notified beforehand that cases are going to be used. We'll call the next case, which is Hall Street Associates v. Mattel. Thank you, counsel. Thank you. Thank you.
judges: Trott, Kleinfeld, Pollak